## CIRCUIT COURT OF ALLEGHANY COUNTY

In re First Virginia Bank-Highlands,
Trustee of Laura W. Moomaw Trust
under the Will of Laura W. Moomaw, deceased

June 21, 1985

By JUDGE DUNCAN M. BYRD, JR.

The issue before the Court in this matter is whether or not income payable to Benjamin C. Moomaw, III, pursuant to a spendthrift trust provision is subject to alienation by Court ordered spousal support. The appropriate trust provision provides that "the income payable to my son, Benjamin C. Moomaw, III, shall not be transferable or assignable by him, and further directs that no creditor of my said son shall have the right or power to attach, garnishee, or by other means of legal process levy upon, such income payable to my said son." The applicable Code provision recognizing the validity of spendthrift trusts is Code of Virginia, 1950, as amended, Section 55-19, which provides:

> Estates of every kind holden or possessed in trust shall be subject to the debts and charges of the persons to whose use or to whose benefit they are holden or possessed, as they would be if those persons owned the like interest in the things holden or possessed as in the uses or trusts thereof, but any such estate, not exceeding five hundred thousand dollars in actual value, may be holden or possessed in trust upon condition that the corpus thereof and income therefrom, or either of them, shall be applied by the trustee to the support and maintenance of the beneficiaries without being subject to their liabilities or to alienation by them, but no such trust shall operate to the

prejudice of any existing creditor of the creator of such trust.

Spendthrift trusts are recognized as valid in Virginia, *Alderman v. Virginia Trust Co.*, 181 Va. 407, 25 S.E.2d 333 (1943). The purpose of a spendthrift trust is to prevent alienation and to free the income from claims of the beneficiary's creditors. *Colonial-American Nat'l Bank v. United States*, 243 F. 2d 312 (4th Cir. 1957).

The clear legislative purpose of Code § 55-19 is to allow the donor to provide for the support and maintenance of the beneficiary. The Court is of the opinion that strong public policy dictates that this include the *support and maintenance of the beneficiary's dependents* because the rights are so intimately connected and blended with each other.

The Court's research for authority on this point has not been fruitful. Nevertheless, there is authority in other jurisdictions to the effect that "[e]ven where there is nonalienability legislation in effect, the Courts have sometimes upheld the wife's right to an involuntary transfer of future income for her support from the husband's spendthrift trust. *Re Knauth's Trust*, 12 N.Y.2d 259, 238 N.Y.S.2d 942, 189 N.E.2d 482." 76 Am. Jur. 2d, *Trusts*, § 162. In this particular case, the facts are much stronger. The defendant has concurred in this alienation. Additionally, the beneficiary of the alienation, Mrs. Helen S. Moomaw, is also a beneficiary of the trust in question as a remainderman.